UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ERIC JERMAINE HARVEY,

           Petitioner,                    Case No. 1:22-cv-26

v.                                          Honorable Ray Kent

FREDEANE ARTIS,

           Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner has consented to the conduct of all proceedings in this case, including entry of a final judgment and all post-judgment matters, by a United States magistrate judge.  (Pet., ECF No. 1, PageID.14.)

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required

by Rule 4,[1] the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

## Discussion

I.    **Factual Allegations**

Petitioner Eric Jermaine Harvey is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility (LRF) in Muskegon Heights, Muskegon County, Michigan. On May 2, 2017, following a two-day jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a. On June 15, 2017, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to a prison term of 15 to 60 years, to be served consecutively to sentences for which Petitioner was on parole at the time he committed the home invasion.

On January 7, 2022, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the

---

[1] Under the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, a federal court conducting initial review of a habeas petition may consider "any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Rule 4 Advisory Committee Notes. Moreover, a court is permitted to "take judicial notice of facts contained in state court documents pertaining to [a petitioner]'s prior conviction so long as those facts can be accurately and readily determined." *United States v. Davy*, 713 F. App'x 439, 444 (6th Cir. 2017) (citing *United States v. Ferguson*, 681 F.3d 826, 834–35 (6th Cir. 2012)). For both reasons, the Court relies on the public records of the trial court and the appellate courts in conducting its review under Rule 4. Specifically, the Court has reviewed the Kent County Circuit Court docket, *see* https://www.accesskent.com/CourtNameSearch/ (input "First Name" Eric, "Last Name" Harvey, birthdate Jan. 28, 1984, and select Criminal, then select "Case Number" 17-00846-FH, visited Jan. 12, 2022), and the Michigan Court of Appeals docket, *see* https://www.courts.michigan.gov/case-search/?r=1 (input "Eric Jermaine Harvey," select "COA #357811" and "COA #339262" visited Jan. 12, 2022).

2

federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on January 7, 2022. (Pet., ECF No. 1, PageID.14.)

**II.     Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan

3

Supreme Court denied his application on December 23, 2019. Petitioner did not petition for certiorari to the United States Supreme Court. (Pet., ECF No. 1, PageID.2.) The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on March 22, 2020.

Petitioner had one year from March 22, 2020, until March 22, 2021, to file his habeas application. Petitioner filed his application on January 7, 2022. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner reports that he filed such an application on February 19, 2021. (Pet., ECF No. 1, PageID.3.) It appears that he has derived that date from the affidavit he signed in support of the motion. (Pet'r's Aff., ECF No. 1-1, PageID.193–208.) The publicly available docket of the Kent County Circuit Court, indicates otherwise. The state court docket shows that the motion was filed on March 9, 2021. Thus, the period of limitation was tolled with 13 days remaining.

The one-year period remained tolled so long as the application was pending. The trial court denied relief on March 29, 2021. (Kent Cnty. Cir. Ct. Order, ECF No. 1-1, PageID.238–239.) Petitioner filed a delayed application for leave to appeal that decision in the Michigan Court

4

of Appeals on July 14, 2021. The Michigan Court of Appeals denied leave to appeal by order entered September 9, 2021. (Pet., ECF No. 1, PageID.3; Mich. Ct. App. Order, ECF No. 1-1, PageID.247.) Petitioner did not seek leave to appeal to the Michigan Supreme Court. Petitioner explains that he did not think it was necessary to raise his "motion for relief from judgment" issue in the Michigan Supreme Court because he had raised the issue in that court on direct appeal. (Pet., ECF No. 1, PageID.4.) Although Petitioner did not seek leave to appeal to the Michigan Supreme Court, his post-conviction application for relief remained pending—and, thus, the period of limitation remained tolled—"during the period in which he could have, but did not, appeal the Michigan Court of Appeals' denial of his motion for post-conviction relief." *Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016).

Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's application for post-conviction relief remained pending until the 56-day period expired on November 4, 2021. The period of limitation began to run again upon expiration of that period. After 13 more days, on November 17, 2021, the period of limitation for Petitioner's habeas petition expired. Thus, Statutory tolling does not suffice to render the petition timely.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook*, 295 F.3d at 521. A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his

5

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner recognized that timeliness was an issue. On December 6, 2021, he sent a letter to the Court asking for an extension of time to file his habeas petition, complaining that he was deprived of five months of research time, from October 27, 2020, until near the end of March 2021, because his access to the law library was limited by restrictions put in place because of the COVID-19 pandemic. At that point, however, his request was already almost three weeks beyond the expiration of the period of limitation. Because no habeas action was pending, the Court rejected Petitioner's request by order entered December 15, 2021. *In re Eric Jermaine Harvey*, No. 1:21-mc-2021 (W.D. Mich.) (ECF No. 179, PageID.3160). Another three weeks passed before Petitioner filed the instant petition. Along with the petition, Petitioner submitted a motion to extend the time within which he might file his habeas petition. (ECF No. 3.)

Petitioner suggests he is entitled to equitable tolling in his motion for an extension. (ECF No. 3.) He claims that he lost five months of research time from October 27, 2020, through March of 2021, because of restrictions on the use of the law library. Petitioner's motion does not demonstrate the diligent pursuit of his rights, and even if the COVID-19 restrictions are deemed to be an extraordinary circumstance, they did not stand in his way to prevent timely filing of the petition.

The petition makes clear that he presented all of his habeas issues on direct appeal, the first four to both levels of the Michigan appellate court system and the fifth issue to the just the Michigan Supreme Court. To properly exhaust his fifth claim, Petitioner returned to the trial court and the Michigan Court of Appeals. But all five issues were properly raised and briefed by the time the Michigan Supreme Court denied leave to appeal at the end of 2019, months before

6

COVID-19 impacted Petitioner's ability to research.  Petitioner offers no explanation why he could not timely submit the issues and arguments from his state court briefs, just as he has done now, immediately after he decided to not pursue an appeal to the Michigan Supreme Court.  Nor does Petitioner explain why he waited almost a year to file his Rule 6.500 motion for relief from judgment when he had already briefed and argued his only new claim on direct appeal in his application for leave to appeal to the Michigan Supreme Court.  Based on his submissions to date, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner.]'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him.  *Schlup*, 513 U.S. at 327, 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused

from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020).  The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.


Dated:   January 26, 2022                                /s/ Ray Kent
                                                      Ray Kent
                                                      United States Magistrate Judge